**Remanded and Opinion Filed October 20, 2016**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-15-01284-CR**
**No. 05-15-01285-CR**
_____

**LATOYA DENISE MCMULLEN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F14-24837-U, F14-24545-U**

## MEMORANDUM OPINION

Before Justices Francis, Stoddart, and Schenck
Opinion by Justice Francis

These cases are before us on the motion of appellant's appointed counsel to withdraw as counsel for appellant Latoya Denise McMullen under *Anders v. California*, 386 U.S. 738 (1967). Appointed counsel concluded the appeals from convictions for repeated violation of a protective order and stalking are wholly frivolous and without merit. *See* TEX. PENAL CODE ANN. §§ 25.072(a), (e), 42.072(a), (b) (West Supp. 2015). The trial court assessed punishment, following adjudication of appellant's guilt, at imprisonment for five years in each case.

In *Anders*, the Supreme Court created a procedure for remedying the conflict between an appellant's right to appointed counsel to present her appeal and the attorney's duty not to make frivolous arguments on appeal. If an attorney believes the appeal is frivolous, he must withdraw

from representing the appellant. *McCoy v. Court of Appeals*, 486 U.S. 429, 437 (1988). To withdraw, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous. *Id.* at 439.

In these cases, the brief appellate counsel filed does not meet the requirements of *Anders*. The statement of the case, statement of facts, and summary of the argument refer to a person not the appellant. Counsel's brief does not contain any analysis on the sufficiency of the evidence, the admissibility of evidence of appellant's guilt, the validity of the punishment assessed, or whether the appellant received effective assistance of counsel at trial. Counsel's brief shows counsel failed to make a professional evaluation of the record, thereby denying appellant her right to equal protection of the law. *See Anders*, 386 U.S. at 744. Accordingly, the appropriate remedy is to strike appellate counsel's inadequate *Anders* brief and have the trial court appoint new counsel to review the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

We strike appellate counsel's inadequate *Anders* brief and we grant his motion to withdraw. We order the trial court to appoint new counsel within thirty days of this order. Counsel shall represent appellant, investigate the record, and file a new brief for appellant. In the brief, new counsel should discuss any grounds that might arguably support these appeals. *See Id.* at 511.

The trial court is ordered to inform this Court in writing of the identity of new counsel and the date that new counsel is appointed. New counsel's brief will be due thirty days after the trial court makes the appointment. The State's brief will be due thirty days after appellant's brief is filed.

This Court will then reschedule the case for submission.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
151284F.U05